MEMO ENDORSED

**Proskauer»**   Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/08/2014

July 30, 2014

Susan D. Friedfel
Attorney at Law
d 212.969.3384
f 212.969.2900
sfriedfel@proskauer.com
www.proskauer.com

**By ECF and Facsimile**

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re: Wright v. Jewish Child Care Association of New York, 13 Civ. 4976

Dear Judge Buchwald:

*ENDORSEMENT*

*The defendant is granted leave to move for summary judgment without a conference. The notice of motion shall provide the plaintiff with a period of thirty (30) days to file her answering papers.*

*So Ordered.*
*Naomi Reice Buchwald, USDJ   8/7/14*

We represent the defendant in the matter of *Rhodella Wright v. Jewish Child Care Association of New York* ("JCCA"). I write to request a pre-motion conference in anticipation of JCCA's motion for summary judgment and in accordance with Your Honor's Individual Practices.

**Basis for Motion for Summary Judgment**

Ms. Wright was employed by JCCA from 1995 until May 10, 2011. In or about December 2010, Ms. Wright was notified that her position as a shipping clerk in Pleasantville, New York was being retrenched, and she was offered another position at that location, which she declined. As a result, she was to be laid off. Her union filed a grievance on her behalf regarding the layoff based upon Ms. Wright's length of tenure and the "bumping" rights provided by the collective bargaining agreement. Pursuant to a settlement of the grievance, Ms. Wright was permitted to "bump" into a receptionist position at the Brooklyn location and was required to serve a three-month probationary period. Ms. Wright's performance in the receptionist position was deficient in that both her attendance and attitude were poor. At the end of the probationary period, JCCA terminated Ms. Wright's employment. Ms. Wright claims that the requirement that she serve the probation and the ultimate termination of her employment were motivated by race and age discrimination in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). Plaintiff cannot, however, establish a *prima facie* case of race or age discrimination, much less establish that JCCA's legitimate nondiscriminatory reasons were a pretext for discrimination. We, therefore, submit that her claims should be dismissed on summary judgment.

*Claims Based on the Imposition of Probation*

There can be no question that Ms. Wright was required to serve a probationary period for legitimate, nondiscriminatory reasons. The probationary period was required by the terms of the collective bargaining agreement, and Ms. Wright was made aware of the probation requirement at the time she settled her grievance. Furthermore, there is absolutely no evidence to indicate

Proskauer»

Hon. Naomi Reice Buchwald
July 30, 2014
Page 2

that JCCA has ever permitted a similarly situated employee to "bump" into another position without requiring him or her to serve a probationary period, nor is there any other evidence from which a jury could infer age or race discrimination in connection with the probation requirement.

### *Claims Based on the Termination of Wright's Employment*

Ms. Wright's claims with respect to the termination of her employment should be dismissed because she cannot establish that the circumstances surrounding the termination of her employment give rise to an inference of age or race discrimination. Ms. Wright's employment was terminated based upon her poor attendance, lack of flexibility, and failure to behave in a cooperative and collaborative manner. Ms. Wright admits that she was absent at least eight days in her first two months in the position, that she frequently complained about her schedule, rejecting six schedules proposed by management, and that she objected to the requirement that she cover the building's front desk, which was one of her principal responsibilities as a receptionist. In addition, when counseled about these deficiencies, Ms. Wright gave no indication that she intended to improve and, instead, continued to complain. For these legitimate, nondiscriminatory reasons, Ms. Wright's supervisor, Lawrence Johnson--who is the same race as Ms. Wright, and his manager, Richard Hucke, decided that Plaintiff had not passed probation and, as a result, her employment would be terminated.

Plaintiff's only basis for her claim of race discrimination is that, at the meeting in which her employment was terminated, Mr. Hucke and a human resources representative, Ruben Luyando, said that she was not "suitable" for the position and did not fit in. These race neutral comments, however, are insufficient to support an inference of discrimination, particularly here where more than one-third of the 105 full-time employees reporting up to Mr. Hucke were the same race as plaintiff. The only purported evidence of age animus Ms. Wright presents is comments allegedly made by Mr. Luyando at least a month prior to the termination of her employment, indicating that the receptionist position was for a younger person. Even if Mr. Luyando made such comments, he was not involved in making the decision to terminate Ms. Wright's employment. Accordingly, his alleged comments are no more than stray remarks, which are insufficient to establish that if Ms. Wright had been younger her employment would not have been terminated, as the "but for" standard of the ADEA requires. This is particularly true where, as here, there is substantial evidence that there were legitimate, nondiscriminatory reasons for the decision.

There is simply no evidence in the record from which a reasonable jury could infer age or race discrimination. We, therefore, respectfully request a pre-motion conference to enable defendant to file its motion for summary judgment.

Respectfully submitted,

Susan D. Friedfel

Proskauer»

Hon. Naomi Reice Buchwald
July 30, 2014
Page 3

cc: Rhodella Wright, Plaintiff *Pro Se* (via overnight courier)