

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 15, 2014

Susan D. Friedfel
Attorney at Law
d 212.969.3384
f 212.969.2900
sfriedfel@proskauer.com
www.proskauer.com

**By ECF**

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court
500 Pearl Street
New York, New York  10007

Re:  Wright v. Jewish Child Care Association of New York, 13 Civ. 4976 (NRB)

Dear Judge Buchwald:

We represent the defendant in the matter of *Rhodella Wright v. Jewish Child Care Association of New York* ("JCCA").  This letter accompanies Defendant's opening memorandum of law in support of its motion for summary judgment in compliance with Rule 2(E)(1) of Your Honor's Individual Practices.

Ms. Wright was employed by JCCA from 1995 until May 10, 2011.  In or about December 2010, Ms. Wright was notified that her position as a shipping clerk in Pleasantville, New York was being retrenched, and she was offered another position at that location, which she declined.  As a result, she was to be laid off.  Her union filed a grievance on her behalf regarding the layoff based upon Ms. Wright's length of tenure and the "bumping" rights provided by the collective bargaining agreement.  Pursuant to a settlement of the grievance, Ms. Wright was permitted to "bump" into a receptionist position at the Brooklyn location and was required to serve a three-month probationary period.  Ms. Wright's performance in the receptionist position was deficient in that both her attendance and attitude were poor.  At the end of the probationary period, JCCA terminated Ms. Wright's employment.  Ms. Wright claims that the requirement that she serve the probation and the ultimate termination of her employment were motivated by race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").  Plaintiff cannot, however, establish a *prima facie* case of race or age discrimination, much less establish that JCCA's legitimate nondiscriminatory reasons were a pretext for discrimination.  We, therefore, submit that her claims should be dismissed on summary judgment.

*Claims Based on the Termination of Wright's Employment*

Ms. Wright's claims with respect to the termination of her employment should be dismissed because she cannot establish that she was qualified for the receptionist position or that the circumstances surrounding her termination give rise to an inference of discrimination.  Ms. Wright was not qualified for the position because her performance was deficient.  *See McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997) (concluding, in summary judgment context, that no prima facie case had been cmade out where, after a probationary period, the employer rated plaintiff's work unsatisfactory on a majority of criteria and plaintiff did not contest most of

44727672v2

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

Proskauer»

Hon. Naomi Reice Buchwald
August 15, 2014
Page 2

these ratings); *Cooksey v. Hertz Corp.*, No. 00 Civ. 5921, 2004 WL 1093674 (E.D.N.Y. Jan. 26, 2004) (granting defendant summary judgment where plaintiff terminated during new-hire probationary period mandated by collective bargaining agreement, as plaintiff failed to demonstrate that she had satisfactorily performed her job duties and therefore failed to establish a prima facie case of discrimination). Ms. Wright admits that she was absent at least eight days in her first two months in the receptionist position, that she frequently complained about her schedule, rejecting six schedules proposed by management, and that she objected to the requirement that she cover the building's front desk, which was one of her principal responsibilities as a receptionist. In addition, when counseled about these deficiencies, Ms. Wright gave no indication that she intended to improve and, instead, continued to complain. For these legitimate, nondiscriminatory reasons, Ms. Wright's supervisor, Lawrence Johnson—who is the same race as Ms. Wright—and his manager, Richard Hucke, decided that Plaintiff had not passed probation and, as a result, her employment would be terminated.

Plaintiff's only basis for her claim of race discrimination is that, at the meeting in which her employment was terminated, Mr. Hucke and a human resources representative, Ruben Luyando, said that she was not "suitable" for the position and did not fit in. These race neutral comments, however, are insufficient to support an inference of discrimination, particularly here where more than one-third of the 105 full-time employees reporting up to Mr. Hucke were the same race as plaintiff. *See Whethers v. Nassau Health Care Corp.*, 956 F.Supp.2d 364, 380 (E.D.N.Y. 2013) (comment that plaintiff was "only suitable for copying charts" insufficient to support race discrimination claim when there was "no evidence from which to infer that this statement was a critique in ethnically degrading terms."). *See also Liburd v. Bronx Lebanon Hosp. Ctr.*, No. 7 Civ. 11316, 2009 WL 900739, at *5 (S.D.N.Y. Apr. 3, 2009), aff'd, 372 F. App'x 137 (2d Cir. 2010) (statistics indicating that defendant's workforce was "overwhelmingly racially diverse," including statistics showing that 33% of employees in plaintiff's department were black "evince substantial racial diversity among the employees comparable to Plaintiff and negate any inference of discrimination that otherwise might have been created"); *Joseph v. Thompson*, No. 95 Civ. 4898, 2005 WL 3626778, at *10 (E.D.N.Y. Mar. 23, 2005), aff'd, 465 F.3d 87 (2d Cir. 2006) (a claim of discriminatory intent "would have little merit since the evidence shows that minorities are between thirty-eight and fifty percent of the total number of employees at plaintiff's level" with "African Americans specifically making up twenty-five to thirty percent").

The only purported evidence of age animus Ms. Wright presents are comments allegedly made by Mr. Luyando at least a month prior to the termination of her employment, indicating that the receptionist position was for a younger person. Even assuming Mr. Luyando made such comments, he was not involved in making the decision to terminate Ms. Wright's employment. Accordingly, his alleged comments are no more than stray remarks, which are insufficient to establish that if Ms. Wright had been younger her employment would not have been terminated, as the "but for" standard of the ADEA requires. *See, e.g., Campbell v. Alliance Nat. Inc.*, 107 F.Supp.2d 234, 247 (S.D.N.Y. 2000) (Stray remarks of a non-decisionmaker are "insufficient to establish [discriminatory] animus and defeat a motion for summary judgment.") This is particularly true where, as here, there is substantial evidence that there were legitimate, nondiscriminatory reasons for the decision.

44727672v2

Proskauer»

Hon. Naomi Reice Buchwald
August 15, 2014
Page 3

### *Claims Based on the Imposition of Probation*

There can be no question that Ms. Wright was required to serve a probationary period for legitimate, nondiscriminatory reasons. The probationary period was required by the terms of the collective bargaining agreement, and Ms. Wright was made aware of the probation requirement at the time she settled her grievance. Furthermore, there is absolutely no evidence to indicate that JCCA has ever permitted a similarly situated employee to "bump" into another position without requiring him or her to serve a probationary period, nor is there any other evidence from which a jury could infer age or race discrimination in connection with the probation requirement. *See, e.g., John v. Kingsbrook Jewish Med. Ctr./Rutland Nursing Home*, No. 11 Civ. 3624, 2014 WL 1236804, at *12, *14 (E.D.N.Y. Mar. 25, 2014) (finding no evidence of discriminatory intent in Title VII race discrimination case when plaintiff was promoted to a different position, a "probationary period was required by Defendant for all promotions," and plaintiff failed to provide any evidence that the policy requiring probation periods was not applied to similarly situated employees).

There is simply no evidence in the record from which a reasonable jury could infer age or race discrimination. Accordingly, Defendant's motion for summary judgment should be granted and Plaintiff's complaint should be dismissed in its entirety.

Respectfully submitted,

/s/ *Susan D. Friedfel*

Susan D. Friedfel

Cc: Rhodella Wright, plaintiff *pro se* (via overnight mail)

44727672v2